[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14259
Non-Argument Calendar

_____

Agency No. A200-615-729

JASOTHARAN SATKUNANATHAN,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 9, 2013)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Jasotharan Satkunanathan, a Sri Lankan citizen of Tamil ethnicity, seeks review of the Board of Immigration Appeals' (BIA) order denying his application for asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (CAT).  On appeal, Satkunanathan argues:  (1) the IJ's adverse credibility determination was not supported by law or by the record; (2) he demonstrated persecution on account of a protected ground and demonstrated he was entitled to CAT relief; and (3) the BIA failed to address his claim for asylum based on his status as a Tamil-failed-asylum-seeker.[1]  After review, we deny Satkunanathan's petition.[2]

## I. Adverse Credibility Determination

Under the REAL ID Act of 2005, credibility determinations are based upon the totality of the circumstances, including: (1) the demeanor, candor, and responsiveness of the applicant; (2) the plausibility of the applicant's account;

---

[1] Satkunanathan also argues the BIA erred in affirming the IJ's refusal to consider evidence submitted after the imposed deadline.  The BIA did not err in affirming the IJ's refusal to consider the late-submitted evidence because the IJ has discretion to set such deadlines and to exclude subsequently submitted evidence.  *See Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1276 (11th Cir. 2009); 8 C.F.R. § 1003.31(c).

[2] Where the BIA issues its own opinion, we review only the BIA's decision.  *Kueviakoe v. U.S. Att'y Gen.*, 567 F.3d 1301, 1304 (11th Cir. 2009).  To the extent the BIA's decision was based upon a legal determination, we review *de novo*.  *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004).  The BIA's factual determinations, including credibility determinations, are reviewed under a substantial evidence standard, and we will affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Id.* at 817-18.

(3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; and (5) the consistency of the applicant's statements with other record evidence, including country reports. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). An adverse credibility determination may be based on inconsistencies, inaccuracies, and falsehoods that do not go to the "heart of the applicant's claim." *Id.*

Substantial evidence supports the BIA's adverse credibility determination. Satkunanathan voluntarily returned to Sri Lanka after reaching safety in India, and provided no reasonable explanation for his return. In addition, the record included a letter written to the justice of the peace in Sri Lanka by Satkunanathan's father, and Satkunanathan failed to provide an explanation for the letter's suspect timing. Moreover, Satkunanathan's claims focus on threats from the Karuna group, but the letter failed to mention this group, and Satkunanathan failed to provide a consistent explanation for this discrepancy.

## II. *Asylum and CAT Relief*

To establish eligibility for asylum relief, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(b). To establish entitlement to CAT relief, the applicant must establish that it is more likely than not that he would be tortured if

3

returned to the proposed country of removal, by or with the acquiescence of the government.  8 C.F.R. § 208.16(c)(2); 8 C.F.R. § 208.18(a).

Even putting aside the adverse credibility determination, the BIA did not err in denying Satkunanathan's claims for asylum and CAT relief.  First, Satkunanathan failed to show that at least one central reason for the harms he suffered was based on a protected ground.  With respect to the extortion by the Karuna and the individuals at the airport, the record indicated these individuals were interested in financial gain, not in targeting Satkunanathan based on his ethnicity or political opinion.  8 U.S.C. § 1158(b)(1)(B)(i).  With respect to his detainment by army authorities, Satkunanathan's testimony indicated he was detained because he did not have proper documentation, and Satkunanthan did not adequately demonstrate that the authorities persecuted him on the basis of an imputed political opinion.   Second, Satkunanathan failed to show he would be targeted on account of a protected ground if he returned to Sri Lanka.  Third, Satkunanathan failed to present evidence that it was more likely than not that he would be tortured upon return to Sri Lanka, either by or with the acquiescence of the government.  Accordingly, we deny Satkunanathan's petition with respect to these claims.

III.  *Satkunanathan's Claim as a Tamil-Failed-Asylum-Seeker*

Finally, Satkunanathan claims the IJ and BIA failed to adjudicate his claim for asylum and CAT relief on account of being a Tamil-failed-asylum-seeker. However, the IJ rejected Satkunanathan's assertions, and the BIA specifically referenced the IJ's conclusion that potential punishment for illegal departure would not qualify Satkunanathan for protection.  In light of the BIA's conclusion that any potential punishment faced by Satkunanathan for illegal departure from Sri Lanka would not give rise to an asylum claim, as well as the detailed nature of the BIA's decision, the BIA gave reasoned consideration to Satkunanathan's claims.  *See Tan v. U.S. Att'y Gen.,* 446 F.3d 1369, 1374 (11th Cir. 2006).  Accordingly, we deny Satkunanathan's petition.

**PETITION DENIED.**

5